THE SUPERVISORS OF JACKSON COUNTY VS. THE SUPERVISORS OF LA CROSSE COUNTY.

By an act taking effect November 19th, 1856, the town of Bristol, in Jackson county, was annexed to La Crosse county, without any provision in regard to the effect of such change upon its taxes. The town treasurer paid the state and county tax collected for that year, and returned the delinquent list, to the treasurer of La Crosse county. By an act taking effect April 8th, 1857, the town was restored to Jackson county, and by a further act, in 1858, the treasurer of La Crosse county was required to pay to the treasurer of Jackson county the amount of the tax and delinquent list received of such town treasurer; the act providing, however, that the outstanding certificates of sale of lands in that town, remaining in possession of La Crosse county, should be assigned and received in payment, at the amounts for which the lands mentioned in them were sold. The treasurer of Jackson county requested the treasurer of La Crosse county to comply with the directions of the statute, but he refused; and this action was brought against the county to recover the amount of tax paid and delinquent list returned by the treasurer. *Held*, that the town treasurer should have paid the tax and returned the list to the county of Jackson, for which the state and county tax had been levied and apportioned.

*Held*, also, that the legislature could not, merely by the act of 1858, create an indebtedness from La Crosse to Jackson county; but assuming the money to have been paid and the list returned to the La Crosse treasurer by mistake, the legislature might prescribe the manner in which such mistake could be corrected.

The act of 1858 furnished no additional remedy, unless perhaps a *mandamus* to compel the treasurer to comply with its provisions. And though the treasurer refused on request to comply with its provisions, no action could be sustained against the county without first presenting the claim to the board for allowance, as provided in section 42, chap. 18, R. S. 1858.

APPEAL from the Circuit Court for *Jackson* County.

The case is stated in the opinion of the court.

*Hugh & Alex. Cameron.* for appellant:

1. The statute of 1858, set forth in the complaint, does not authorize the bringing of an action. The plaintiff has no claim outside of the statute. *Almy vs. Harris*, 5 Johns., 175. 2. The statute requires the county treasurer, and not the defendant, to make the payment therein mentioned. The board of supervisors has no control over the conduct of the treasurer in such a case, and consequently is not responsible therefor. *Bartlett vs. Crozier*, 17 Johns., 456, and cases there cited. 3. If the plaintiff had a claim against the board of supervisors, no action could be maintained thereon until it had been presented to the board for allowance. R. S., p.

153, sec. 42.    4. The act of 1858 is unconstitutional, because
it transfers the property of the county of *La Crosse* to the
county of *Jackson*, without the consent of the former.    *Ter-*
*rett vs. Taylor*, 9 Cranch, 43 ; *Trustees of Dartmouth College vs.*
*Woodward*, 4 Wheat., 518 ; *McCracken vs. Hayward*, 2 How.
(U. S.), 608 ; *Jackson vs. Lyon*, 9 Cow., 664 ; *Jackson vs.*
*Wright*, 4 Johns., 75 ; *Englishbe vs. Helmuth*, 3 Coms., 295 ;
*Benson vs. Mayor of N. Y.*, 10 Barb., 228.    The act is really
a judicial decree (*Jones vs. Perry*, 10 Yerg., 59 ; 4 N. H.,
572), and the legislature has no judicial functions.    *People*
*vs. Supervisors of N. Y.*, 16 N. Y., 424 ; *Lane vs. Dorman*,
3 Scam., 240 ; *Edwards vs. Pope*, id., 465 ; *Crane vs. Meginnis*,
1 Gill & Johns., 475; Smith's Comm., 500.

*Carl C. Pope* and *M. M. Jackson*, for respondent:

The act of 1858 (Private Laws of 1858, p. 355) does not
modify or enlarge the remedy before existing for the recov-
ery of any indebtedness of the county of *La Crosse* to the
county of *Jackson*.    It merely provides the manner in which
it may be paid when ascertained, whether ascertained by ac-
tion at law, by arbitration, or by mutual accounting by those
counties.    2. The taxes levied and raised for state and coun-
ty purposes in the town of Bristol, in 1856, while that town
was still attached to the county of *Jackson*, should have been
paid and returned to the treasurer of that county.    R. S.
1849, pp. 152 and 155.    The complaint alleges that they
were paid to the county of *La Crosse*.    These facts show a
cause of action by the county of *Jackson* against the county
of *La Crosse*.

*By the Court*, PAINE, J.    By an act of the legislature, ap-
proved Oct. 14th, 1856, the town of Bristol was detached
from *Jackson* county and annexed to the county of *La Crosse*.
By another act, at the next session, approved March 3d,
1857, it was restored to *Jackson* county.    But in the mean
time the treasurer of that town had paid to the treasurer of
*La Crosse* county the amount of state and county taxes col-
lected in that town for the year 1856.    In 1858 a further act
was passed, requiring the treasurer of *La Crosse* county to
pay over to the treasurer of *Jackson* county the amount so

received. It provided that in making this payment the treasurer should assign the outstanding certificates of sale of lands for taxes in that town for that year, remaining in the possession of *La Crosse* county, which should be received at the amounts for which the lands were sold; and that the balance should be paid in money.

The complaint in this action is founded upon this latter act. It states the provisions of it, states the amount of state and county tax paid by the town treasurer to the treasurer of La Crosse county, and then avers that the latter had been requested by the treasurer of Jackson county to comply with the provisions of the statute, and had refused to do so. The complaint demanded judgment against La Crosse county for the sum of $891,08, that being the amount of money actually paid over by the town treasurer, together with the amount of the delinquent list returned by him.

The defendant demurred to the complaint as not stating facts sufficient to constitute a cause of action. The demurrer was overruled, and from that order this appeal was taken. The appellant contends that the act was unconstitutional, because it purported to create an indebtedness from the county of La Crosse to the county of Jackson, which it is claimed the legislature cannot do. It is undoubtedly true that the legislature could not, by a mere legislative act, create an indebtedness from one county to another. But if the money had been paid by mistake, growing out of hasty legislation in annexing a town in one county to another, without making any provision as to the effect of the change, it would be competent for the legislature to provide in what manner the mistake should be corrected. It would be very dangerous indeed to deny this power. And it is assumed by the counsel for the respondent that this act was of this character. They say that it was the duty of the treasurer of the town to pay the taxes and to return the delinquent list for the year 1856, to the treasurer of Jackson instead of La Crosse county. There are many considerations strongly tending to support this conclusion. The act annexing the town to La Crosse county was not published, and consequently did not take effect, until November 18th, 1856

(Gen. Laws 1856, chap. 145). Before that time the assessment roll of that town would have been returned to the supervisors of Jackson county. Before that time the state tax for that year would have been apportioned, and their respective portions charged to Jackson and La Crosse counties, by the state. Sec. 42, chap. 15, R. S. 1849. Before that time the annual meeting of the two county boards would have occurred, at which they were required to equalize the taxes, and apportion among the various towns in the counties, their respective portions of the state and county taxes for that year. It is to be assumed, therefore, that no portion of the state or county tax of La Crosse was apportioned to the town of Bristol, and on the other hand, that its proper portion of the state and county tax of Jackson county was apportioned to it. Now, if, after all this was done, the annexation of that town to La Crosse required the payment of its state and county tax to the treasurer of that county, it is evident that La Crosse county would have an amount of state tax greater than that charged to it by the state, while there would be a corresponding deficit in the state tax of Jackson county. La Crosse would have a surplus of county tax beyond what it had levied; Jackson would be *minus* the like amount of its county tax. These considerations would seem to show, that in a case of such annexation, where no provision was made as to its effect upon the taxes of the town, its state and county tax should be paid to the treasurer of that county for which they were apportioned. And if this is so, La Crosse county would be liable to Jackson county for the money actually paid by the town treasurer, as for money had and received. But even upon this assumption, that the taxes were improperly paid, and the delinquent list improperly returned by the town treasurer to the treasurer of La Crosse, does not the question arise whether the sales by the latter of lands in that town, were not void? And if void, would not the county of La Crosse be liable to refund the money paid on each certificate to the purchaser, instead of being liable to pay it to Jackson county? And if the certificates held by La Crosse county are void, could the failure of the treasurer to assign them,

in compliance with the statute, create any liability against the county, even assuming that such failure would create such liability if they were valid? These are questions which have suggested themselves, and which it may be necessary to determine before the rights of the parties are finally settled. But the conclusion to which we have come upon the question now presented, makes it unnecessary to determine them here.

That conclusion is, that if the act in question furnished the respondent any additional remedy, it would be by *mandamus* to compel the treasurer to perform the acts which it enjoins upon him. But if the respondent seeks to maintain an action against La Crosse county, it must do it in the manner and subject to the conditions prescribed by law. These are, that no action shall be maintained against a county, on any claim other than a county order, until such claim shall have been first presented to the board of supervisors for allowance. If the supervisors act upon the claim, their decision is final, unless appealed from, and an action can be brought only in case they neglect to act, or consent to an action being brought. R. S. 1858, chap. 13, secs. 42, 43.

This result would seem to follow from the view taken by the respondent's counsel of this statute. They say in their brief: "The act of the legislature in question does not in any manner change, modify or enlarge the *remedy* before existing for the recovery of any indebtedness of the county of La Crosse to the county of Jackson. It merely provides the manner in which it may be paid when ascertained, whether ascertained by action at law, arbitration, or by mutual accounting between the two counties. This it is submitted the legislature had full power to do," &c. If this is so, and the act did not "change or enlarge or modify the remedy before existing," they are bound to present the claim to the board before the action can be sustained. The complaint, therefore, showed no right to bring the action, and the demurrer should have been sustained. The order overruling the demurrer is reversed, with costs, and the cause remanded for further proceedings.